IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

QUYEN LE,

        Plaintiff,

  v.

METROPOLITAN LIFE INSURANCE COMPANY, et al.,

        Defendants.
                                           /

No. C 07-00847 CRB

**MEMORANDUM AND ORDER**

This lawsuit involves a dispute between plaintiff and her deceased husband's children from a previous marriage. Defendant Metropolitan Life Insurance Company removed the lawsuit to this federal court on the ground that the single claim alleged against Metropolitan is preempted by the Employee Retirement Income Security Act ("ERISA"). Now pending before the Court for decision are plaintiff's motion to remand and Metropolitan's motion to dismiss. After carefully considering the papers filed by the parties, and having had the benefit of oral argument, the Court GRANTS the motion to dismiss and DENIES the motion to remand.

**RELEVANT ALLEGATIONS OF THE COMPLAINT**

Plaintiff Quyen Le left Vietnam, married Thanh Vo, and came to America with him to live as Thanh Vo's wife in reliance on an oral agreement by Thanh Vo to provide for Quyen

Le. Complaint ¶ 2. Throughout Thanh Vo's marriage to Quyen Le he continued to be employed at Rolls Wood Group. Rolls Wood Group provided Thanh Vo with life insurance and Thanh Vo designated the plaintiff, Quyen Le, as the beneficiary of the policy. Id. ¶ 20.

Thanh Vo became seriously ill and as a result of his illness became despondent. Id. ¶ 22. "One result was emotional conflict with Quyen Le, his wife. Thanh Vo became very angry and moved out of the home in which he and Quyen Le were living." Id. Thanh Vo's five children from his first wife "took advantage of this unfortunate situation to exercise undue influence over Thanh Vo to entirely and immediately change his financial arrangements" to benefit the five Vo children to the detriment of Quyen Le. Id. Among other things, Thanh Vo removed Quyen Le as the beneficiary of his life insurance policy. Id. ¶ 53. Thanh Vo subsequently died.

## PROCEDURAL HISTORY

Quyen Le filed an action in state court against the five Vo children, Thanh Vo's employer Rolls Wood USA ("Rolls Wood"), and the life insurer Metropolitan Life Insurance ("Metropolitan"). The Complaint asserts state law claims for conversion, quiet title, negligence, undue influence, breach of contract, and interference with economic advantage. In the Seventh Cause of Action plaintiff alleges that Metropolitan and Rolls Wood were negligent by allowing Thanh Vo to remove Quyen Le as a beneficiary of the life insurance policy to the exclusion of her California community property interest. Id. ¶ 53. Plaintiff seeks, among other remedies, "equitable relief to rescind or correct life insurance transactions."

Metropolitan removed the action to this federal court on the ground that the only claim stated against it, the Seventh Cause of Action, is preempted by ERISA and therefore removable. Metropolitan alleged further that no other defendants had yet been served with the Complaint. Plaintiff has moved to remand the case to state court on the ground that the negligence claim is not preempted, and Metropolitan has moved to dismiss the negligence claim with leave to amend to allege an ERISA claim. The dispositive issue is whether ERISA preempts state community property law when that law requires an employee benefit

2

plan to pay benefits to someone other than the designated beneficiary.  The Court concludes that it does.

## DISCUSSION

The first question is whether Metropolitan properly removed this action to federal court based on federal question jurisdiction.  "Ordinarily, determining whether a particular case arises under federal law turns on the "'well-pleaded complaint'" rule.  Aetna Health Inc. v. Davila, 542 U.S. 200, 207(2004) (citation omitted).  "[W]hether a case is one arising under the Constitution or a law or treaty of the United States, in the sense of the jurisdictional statute[,] . . . must be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in anticipation of avoidance of defenses which it is thought the defendant may interpose."  Taylor v. Anderson, 234 U.S. 74, 75-76 (1914).  "In particular, the existence of a federal defense normally does not create statutory "arising under" jurisdiction, . . . and "a defendant may not [generally] remove a case to federal court unless the plaintiff's complaint establishes that the case 'arises under' federal law."  Aetna Health Inc., 542 U.S. at 207 (internal quotation marks and citation omitted).  "[W]hen a federal statute wholly displaces the state-law cause of action through complete pre-emption," however, the state claim can be removed.  Beneficial Nat. Bank v. Anderson, 539 U.S. 1, 8 (2003).  "This is so because '[w]hen the federal statute completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law.'"  Aetna Health Inc., 542 U.S. at 207-08.  "ERISA is one of these statutes."  Id. at 208.  Thus, removal was proper if plaintiff's claim against Metropolitan is preempted by ERISA.

"ERISA's preemption clause is deliberately expansive, and contains one of the broadest preemption clauses ever enacted by Congress.  Spain v. Aetna Life Ins. Co., 11 F.3d 129, 1331 (9th Cir. 1993) (internal quotation marks and citations omitted).  "ERISA preempts all state laws 'insofar as they may now or hereafter relate to any employee benefit plan.'"  Winterrowd v. American General Annuity Ins. Co., 321 F.3d 933, 937 (9th Cir. 2003) (quoting 29 U.S.C. § 1144(a)).  A state law "relates to an ERISA plan 'if it has a

3

1  connection with or reference to such a plan.'" Egelhoff v. Egelhoff, 532 U.S. 141, 147
2  (2001) (quoting Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 97 (1983)). "[T]o determine
3  whether a state law has a forbidden connection, [courts] look both to the objectives of the
4  ERISA statute as a guide to the scope of the state law that Congress understood would
5  survive, as well as to the nature of the effect of the state law on ERISA plans." Id. (internal
6  quotation marks and citations omitted).

7  Egelhoff establishes that plaintiff's claim is preempted. In Egelhoff, the plan
8  participant David Egelhoff originally designated his wife as the beneficiary of his life
9  insurance policy. Two months after David and his wife divorced, David died intestate
10 following an automobile accident; in the intervening two months David had not removed his
11 wife as the named beneficiary of his policy. David's children by a previous marriage
12 brought suit to recover the life insurance proceeds under a Washington statute that
13 automatically revokes a former spouse's designation as a life insurance beneficiary if the
14 marriage ends in divorce. In effect, the statute requires plan administrators to "pay benefits
15 to the beneficiaries chosen by state law, rather than to those identified in the plan
16 documents." Id. at 147.

17 The Supreme Court held that the children's claims were preempted by ERISA because
18 the state statutue on which they based their claims

> binds ERISA plan administrators to a particular choice of rules for determining beneficiary status. The administrators must pay benefits to the beneficiaries chosen by state law, rather than to those identified in the plan documents. The statute thus implicates an area of core ERISA concern. In other words, . . . this statute governs the payment of benefits, a central matter of plan administration.

22 Id. at 147-48. The Court also held that the statute has a "prohibited connection" with ERISA
23 plans "because it interferes with nationally uniform plan administration."

> One of the principal goals of ERISA is to enable employers to establish a uniform administrative scheme, which provides a set of standard procedures to guide processing of claims and disbursement of benefits. Uniformity is impossible, however, if plans are subject to different legal obligations in different States.

27 Id. at 148. The Court concluded that the statute posed a threat to uniformity because plan
28 administrators cannot simply identify the beneficiary identified by the plan documents but

4

instead must "familiarize themselves with state statutes so that they can determine whether the named beneficiary's status has been 'revoked' by operation of law." Id.

Plaintiff's claim here–based on California community property law–is similarly "connected with" ERISA. The California law on which plaintiff relies "binds ERISA plan administrators to a particular choice of rules for determining beneficiary status. The administrators must pay benefits to the beneficiaries chosen by state law, rather than to those identified in the plan documents." Id. at 147. In this context, California's community property law also poses a threat to uniformity of plan administration because under the law, as asserted by plaintiff, plan administrators cannot simply identify the beneficiary identified by the plan documents, but instead must "familiarize themselves with state statutes so that they can determine" whether an unnamed beneficiary as a claim to the proceeds under the governing state law. Id. Accordingly, plaintiff's claim is preempted and removal was proper.

Plaintiff appears to dispute that the life insurance at issue is an ERISA plan. Her Complaint, however, specifically alleges that the life insurance was provided to her husband as an employee benefit. Complaint ¶ 20. Plaintiff also appears to dispute that Thah Vo removed plaintiff as a beneficiary of the life insurance proceeds. Plaintiff's Reply at 6. Again, the Complaint alleges that Thah Vo removed plaintiff as the beneficiary. Id. at ¶ 53.

## CONCLUSION

In Egelhoff the Supreme Court held that ERISA preempts state law that operates to channel ERISA plan benefits to someone other than the designated beneficiary. Accordingly, plaintiff's Seventh Cause of Action alleging that under California community property law she is entitled to a share of the proceeds of her husband's employer-provided life insurance is preempted. The motion to remand is DENIED and Metropolitan's motion to dismiss is GRANTED with 20 days leave to amend.

**IT IS SO ORDERED.**

Dated: April 6, 2007

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

G:\CRBALL\2007\0847\orderredismiss1.wpd      5