1
2
3
4
5
6
7
8            IN THE UNITED STATES DISTRICT COURT
9          FOR THE NORTHERN DISTRICT OF CALIFORNIA
10
11   QUYEN LE,                              No. C 07-00847 CRB
12              Plaintiff,                  **MEMORANDUM AND ORDER**
13      v.
14   METROPOLITAN LIFE INSURANCE
     COMPANY, et al.,
15
16              Defendants.
     _____/
17
18       This lawsuit involves a dispute between plaintiff and her deceased husband's children
19   from a previous marriage.  Now pending before the Court is defendant's motion to dismiss
20   for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6).
21             **RELEVANT ALLEGATIONS OF THE COMPLAINT**
22       Plaintiff Quyen Le left Vietnam, married Thanh Vo, and came to America with Thanh
23   Vo to live as his wife in reliance on an oral agreement by Thanh Vo to provide for Quyen Le.
24   Complaint ¶ 18.  Throughout Thanh Vo's marriage to Quyen Le he continued to be
25   employed at Rolls Wood Group.  Rolls Wood Group provided Thanh Vo with life insurance
26   and Thanh Vo designated the plaintiff, Quyen Le, as the beneficiary of the policy.  Id. ¶ 20.
27
28       Thanh Vo became seriously ill and as a result of his illness became despondent.  Id.
     ¶ 22.  "One result was emotional conflict with Quyen Le, his wife.  Thanh Vo became very

**United States District Court**
For the Northern District of California

1  angry and moved out of the home in which he and Quyen Le were living." Id.  Thanh Vo's

2  five children from his first wife "took advantage of this unfortunate situation to exercise

3  undue influence over Thanh Vo to entirely and immediately change his financial

4  arrangements" to benefit the five Vo children to the detriment of Quyen Le.  Id.  Among

5  other things, Thanh Vo removed Quyen Le as the beneficiary of his life insurance policy.  Id.

6  Thanh Vo died soon after and Metropolitan paid benefits under the policy to the children.

### DISCUSSION

8      A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) will be granted if

9  the pleading fails to state a cognizable legal theory or if it fails to allege sufficient facts under

10  a cognizable legal theory.  Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir.

11  1990).  For purposes of a motion to dismiss, the court will "presume all reasonable inferences

12  in favor of the nonmoving party."  Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir.

13  1987).  However, mere conclusions couched as factual allegations are not sufficient to state a

14  cause of action.  Papasan v. Allain, 478 U.S. 265, 286 (1986).  If the plaintiff is unable to

15  cure the defect by amendment, then courts may dismiss a case without leave to amend.

16  Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000).

17      Plaintiff first argues that Metropolitan violated ERISA by paying the life insurance

18  benefits to the children rather than her.  While she acknowledges that Metropolitan contends

19  her husband changed the beneficiary designation to the children, Plaintiff argues that under

20  federal common law the designation could not be changed without notice to her as a spouse.

21  While Plaintiff cites authority for the proposition that ERISA authorizes the federal courts to

22  develop a common law for employee benefit plans to fill gaps left within statutory language,

23  see Plaintiff's Opposition ¶ 8 (citing Firestone v. Bruch, 489 U.S. 101, 109 (1989)), Plaintiff

24  cites no legal authority demonstrating that *any* federal court has ever held as a matter of

25  common law that ERISA requires the protection of a surviving spouse's interest in life

26  insurance policies.  This lack of authority is unsurprising given that ERISA has specific

27  provisions protecting spousal rights to pension benefits, see 29 U.S.C.A. § 1055, but does not

28  otherwise "confer *beneficiary* status on nonparticipants by reason of their marital or

**United States District Court**
For the Northern District of California

2

**United States District Court**
For the Northern District of California

1    dependant status." <u>Boggs v. Boggs</u>, 520 U.S. 833, 846-847 (1997) (emphasis added).

2    These provisions, which acknowledge and protect specific pension plan community property

3    interests, give rise to the strong implication that other community property claims are not

4    consistent with the statutory scheme.   <u>Id.</u> at 847 (holding that ERISA's silence with respect

5    to the right of a non-participant spouse to control pension benefits by testamentary transfer

6    provides powerful support for the conclusion that the right does not exist).  Accordingly,

7    courts have held that ERISA's spousal consent provisions apply only to pension plans, not

8    welfare benefit plans such as life insurance. <u>Connecticut General Life Ins. Co. v. Thomas</u>,

9    910 F. Supp. 297, 304 (S.D. Tx. 1995);  <u>see also</u> <u>Hamilton v. Washington State Plumbing &</u>

10   <u>Pipefitting Industry Pension Plan</u>, 433 F.3d 1091, 1101 (9th Cir. 2006) (holding that life

11   insurance policies are not subject to 29 U.S.C.A. § 1055 surviving spouse provisions).  It

12   would make no sense for federal common law to extend protections of spousal rights to

13   insurance policies when ERISA explicitly extends such rights to pension benefits but not to

14   life insurance benefits.  Therefore, federal common law did not require Metropolitan to

15   notify Plaintiff when her husband changed the beneficiary designation of his life insurance

16   policy to his children.

17                              **CONCLUSION**

18        For the reasons set forth above, the Court finds that federal common law did not

19   require Metropolitan to notify Plaintiff when her husband changed the beneficiary

20   designation of his life insurance policy to his children.  Accordingly, the motion to dismiss

21   on this ground is GRANTED.

22        Metropolitan shall provide Plaintiff on or before July 27, 2007 with all of the

23   documents on which it relied in deciding to pay benefits to the children.  The Court will hold

24   a case management conference at 8:30 am on August 17, 2007.  At the conference, and in the

25   parties' further Joint Case Management Conference Statement, Plaintiff shall advise the

26   Court whether, upon review of the documents and in light of the Court's ruling, she believes

27   she still has an ERISA claim against Metropolitan in connection with the life insurance

28   proceeds.

Plaintiff shall also state whether she is making an ERISA claim against Rolls Wood.

Finally, Plaintiff shall clarify whether she is making a claim against Metropolitan in connection with pension benefits, and, if so, she shall identify the good faith basis for such a claim.

**IT IS SO ORDERED.**

Dated: July 24, 2007

CHARLES  R. BREYER
UNITED STATES DISTRICT JUDGE